## Case No. 8,485.

### In re LONGEST.

### [7 Biss. 477.] [1]

District Court, D. Indiana. July, 1877.

BANKRUPTCY—PROOF OF DEBT—THIRTY PER CENT. —CERTIFICATE OF CONFORMITY—DISCHARGE.

1. A creditor may come in at any time before the hearing of the petition for the bankrupt's discharge, prove his claim, and file objections.

2. The bankrupt is not entitled to his discharge unless assets have come to the hands of his assignee amounting to thirty per centum of all the claims proved at any time before the final hearing of the petition for discharge.

3. Certificate of conformity by the register is not conclusive upon the court.

Longest was a voluntary bankrupt. On December 11th, 1875, he filed his petition for his discharge, which was set down for hearing December 28th, 1875. When this petition was filed, no debts had been proved against his estate; but before the day set for the hearing, William S. Culbertson and other creditors proved their claims, and on the 28th of December, 1875, they filed objections to the bankrupt's discharge. One of the objections assigned was, "that the value of the assets which came to the hands of the assignee did not amount to thirty per centum of the claims proved against his estate." A certificate of conformity was filed with the clerk. The matter was referred to one of the registers of the court, who reported that no debts were proved against the bankrupt's estate previous to the filing of his petition for his discharge; that certain debts were proved after the filing of the petition for discharge, and before the hearing of the petition; that the assets did not amount to thirty per centum of the claims so proved; that, in his opinion, the certificate of conformity related to the state of things existing at the date of the filing of the bankrupt's petition for his discharge, and that debts subsequently proved ought not to be considered in determining whether the assets amount to the thirty per centum required by the bankrupt act [of 1867 (14 Stat. 517)].

William Farrell. for bankrupt.
Alexander Dowling, for creditors.

GRESHAM, District Judge. The act imposes no limitation whatever upon the proof of debt by a creditor. It is the rule, settled in this district and generally recognized, that a creditor, whose debt is not proved, has no standing in court, and so cannot be heard to object to the discharge of a bankrupt. But, as he has the right to prove at any time, it was held at an early day, and the practice

---

[1] [Reported by Robert D. Benedict. Esq.. and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

has been uniform, that he may prove his debt for the purpose of getting such a standing and filing objections. Up to the time of hearing, is there any restriction upon this right of the creditor to interpose any objection which the law allows, whether it is the insufficiency of assets, or any other objection? The ruling of the register in this case leaves that right as to all other objections but that of insufficiency of assets, unimpaired. Otherwise there could be no instance found in which a creditor could ask leave to prove his debt as the means of resisting a discharge. I presume it would not do to say that the report made by the register in return to the order of court, that the bankrupt had in all things complied with the provisions of the law, is conclusive as to that conformity. This report is a part of the machinery of the law to satisfy the mind of the court, and is only one of the means of ascertaining that the bankrupt's conformity has been such as to entitle him to his discharge. The silence of the creditors, after notice of the pendency of the petition for a discharge, is another means. But there is not the slightest reason to suppose that the court may not resort to other sources of information known to the law, and the chief one of these is, the specifications and proofs, if any, which an opposing creditor may offer.

But why admit objections generally, and refuse to hear that founded on the failure of assets? Simply because the report .of conformity in that particular has been filed. The report is doubtless correct, and correct for the reason that, when the register makes his examination, he finds no proof of debt on his files.

If it is not intended to punish the creditor for his laches in filing and proving his claim, it is a harsh rule that would allow him to file his claim, and then deny him the fruits of that filing. Besides, it is difficult to discover any reason for allowing objections to be made in one instance and not in the other. The creditor is not under disability by the terms of the law, and is in time, I think, at any moment before the hearing. The bankrupt is not entitled to his discharge.